**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 16, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KEVIN WASHINGTON,

    Defendant - Appellant.

No. 15-1350
(D.C. No. 1:14-CR-00444-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **McHUGH**, Circuit Judges.
_____

Kevin Washington pleaded guilty to one count of attempted possession of, with intent to distribute, 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. In his plea agreement, the parties agreed to recommend a sentence of 60 months' imprisonment (the statutory mandatory minimum, which turned out to be less than the Guidelines range of 84 to 105 months). Mr. Washington also agreed to waive his right to appeal. Nevertheless, after the district court accepted the recommendation and sentenced him to 60 months'

_____

[*] This panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment, he appealed. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

*Hahn* sets forth three factors to evaluate an appeal waiver: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In response to the government's motion, Mr. Washington, through counsel, conceded the motion by withdrawing his previously expressed opposition and failing to dispute any of the *Hahn* factors.

We need not address a *Hahn* factor that the defendant does not dispute. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). In light of Mr. Washington's concession, the motion to enforce is granted and this appeal is dismissed.

Entered for the Court
Per Curiam